No. 1060

COMMUNITY TRAC. CO. v. FREEMAN

Ohio Appeals, 6th Dist., Lucas Co.

No. 1731. Decided Nov. 1, 1926

966. PROXIMATE CAUSE—Where street car started before prospective passenger could board same, and he slipped, causing him to stagger into the path of an oncoming automobile, thereby sustaining injuries, a jury may reasonably infer that the Traction Company's alleged negligence in starting the car and causing plaintiff to stagger into a place of danger was the proximate cause of his being struck by the automobile.

WILLIAMS, J.

Robert Freeman brought an action in the Lucas Common Pleas against the Community Traction Co. for personal injuries sustained in being struck by an automobile, due to the alleged negligence of the Traction Company. A verdict for $3000 was returned in favor of Freeman and judgment was rendered thereon. Error was prosecuted by the company which

claimed that the court erred in not directing a verdict.

From the evidence, it seems that Freeman was about to board a car at its usual stop, that he put one foot on the step and was lifting the other from the pavement when the step was raised and the car started. Freeman's foot then slipped off the step causing him to stagger backwards, so that when within a few steps from the curb, he was struck by an automobile bound in the same general direction as that of the street car. The night was dark and the pavement wet and slippery, and although the driver of the automobile saw Freeman in front of his machine, he was unable to stop and avoid hitting him.

The Company contended that the car starting before Freeman was able to enter was not the proximate cause of the injury and that no other reasonable inference can be drawn from the evidence. The Court of Appeals held:

1. Where an injury is the natural and probable consequence of the negligence complained of, such negligence is the proximate cause of the injury. 78 OS. 309-325.

2. If some other cause operates with the negligence of the defendant in producing an injury, the defendant is not relieved from liability, provided such other cause would not have produced the injury but for defendant's negligence. 91 OS. 231-241.

3. In this case, if the negligence of the Traction Co. was the sole and proximate cause of Freeman's injury, such negligence would be actionabel. If the negligence of the Company and that of the driver of the automobile together were the proximate cause of Freeman's injury, then the company's negligence would be actionable.

4. The inferences to be drawn from the evidence are that different minds might reasonably differ as to the controlling facts.

5. The jury might have reasonably inferred that Freeman, as a direct result of slipping from the step, staggered into a place of danger and into the path of the automobile and was hit before he could, by exercise of ordinary care, reach a place of safety; and that without the alleged negligent act of the Company he would not have been struck by the automobile.

6. Giving the evidence the most favorable interpretation to the plaintiff, the jury was justified in finding, if it saw fit to do so, that the Company's alleged negligence in starting the car and causing Freeman to stagger into danger' was the proximate cause of his being struck by the automobile.

Judgment affirmed.

(Richards & Young, JJ., concur.)

Attorneys—Tracy, Chapman & Welles and Edward W. Kelsey for Company; Deeds & Cole for Freeman; all of Toledo.